### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **WESLEY W. GILLESPIE**<br>1031 Highlands Plaza Dr.<br>Unit 207 West<br>St. Louis, MO  63110<br><br>                        Plaintiff,<br>v.<br><br>**LOWE'S HOME CENTERS, LLC**<br>c/o Statutory Agent<br>CSC-Lawyers Incorporating Service<br>(Corporation Service Company)<br>50 West Broad Street, Suite 1800<br>Columbus, Ohio  43215<br><br>                        Defendant. | Case No<br><br>Judge<br><br>**COMPLAINT; JURY DEMAND**<br>**ENDORSED HEREON**<br><br>Francis J. Landry   (0006072)<br>**WASSERMAN, BRYAN, LANDRY**<br> **& HONOLD, LLP**<br>1090 W. South Boundary<br>Suite 500<br>Perrysburg, Ohio 43551<br>Telephone:  (419) 243-1239<br>Facsimile:  (419) 243-2719<br>Email: FLandry308@aol.com<br>Attorney for Plaintiff<br>Wesley Gillespie |

\*   \*   \*   \*   \*   \*   \*   \*

### JURISDICTION

1.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202.  This is an action for a violation of 42 U.S.C. Sections 2000e et seq., known as Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991. This action, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment in violation of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991. This action is also for a violation of the

Age Discrimination in Employment Act and the Americans with Disabilities Act of 1991 as amended and the Amendments thereto. On June 26, 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on the basis of race, age, retaliation and disability, charge number 22A-2014-02270 attached hereto and incorporated by reference, as Exhibit A. On May 6, 2015, the district director of the EEOC notified Plaintiff of his right to file suit within ninety days in an appropriate federal district court, attached hereto as Exhibit B. Plaintiff received this notice on or after May 7, 2015 This Court's supplemental jurisdiction is also invoked over state law claims of race, retaliation and disability discrimination.

## PARTIES

2. Plaintiff, Wesley W. Gillespie, is a citizen of the United States, and a resident of the City of St. Louis, Missouri. At all times material hereto, Plaintiff was an employee of an employer within the meaning of the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Civil Rights Act, and Chapter 4112 of the Ohio Revised Code, in that Defendant is an employer who employed more than fifty (50) employees at all times material hereto.

3. Plaintiff states that the Defendant Lowes Home Centers, LLC, is a limited liability company duly licensed to do business in the state of Ohio, with a place of business in the City of Toledo, County of Lucas, State of Ohio. At all relevant times, Defendant was an employer within the meaning the Civil Rights Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the Ohio Revised Code Chapter 4112.

## GENERAL ALLEGATIONS

4. Plaintiff brings this action for damages and injunctive relief for an unlawful termination of his employment. Plaintiff alleges that in terminating him, the Defendant did so in violation of

Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Family and Medical Leave Act, and Chapter 4112 of the Ohio Revised Code.

5. Plaintiff began his employment with Defendant in April of 2012. In February of 2013, he was assigned to a Market Director of Store Operations position after training. He held this position until his termination on or about May 21, 2014.

6. When Plaintiff was placed in his position, a company car was not provided to him, as it had been to his predecessor. Instead, Plaintiff was required to rent a car for four months before receiving a company vehicle.

7. During August of 2013, Plaintiff's wife was having heart issues. He utilized FMLA leave in order to take her to cardiologist appointments and care for her. During that time, Plaintiff was accused by his supervisor of missing meetings, cancelling appointments, and losing control of his market. Plaintiff denied each allegation.

8. On January 25, 2014, Plaintiff complained that he felt he was being unjustly disciplined due to his race and/or age.

9. On February 12, 2014, Plaintiff went on a Family and Medical Leave Act leave of absence due to anxiety with a return to work date of May 14, 2014. When he attempted to return to work, he was told to hold off on returning for another week, so he could meet with management about his return.

10. On or about May 20, 2014, Plaintiff was terminated.

**FIRST CLAIM FOR RELIEF**
**Title VII of the Civil Rights Act of 1964, Race Discrimination**

11. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through ten (10) of this Complaint, supra, by reference in its entirety as if fully restated herein.

12. Plaintiff is an African American individual. Plaintiff began his employment with Defendant in April of 2012. His most recent position was that of Market Director of Store Operations. On May 21, 2014, he was terminated. Allegedly, Plaintiff was not performing his position to Defendant's satisfaction. However, Defendant's proffered reason for Plaintiff's termination was false and pretextual, as Plaintiff performed his job to his employer's reasonable expectations, and began receiving discipline he should not have received in an attempt to create a disciplinary record for which he could be terminated.

13. Plaintiff states that similarly situated Caucasian employees were not disciplined or terminated over the same issues which Plaintiff was disciplined and terminated.

14. Plaintiff states that similarly situated Caucasian employees were more favorably treated. They were permitted not written up for the same issues as Plaintiff and were retained in their positions. In terminating Plaintiff, Defendant has intentionally discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq.

15. As a proximate result of the actions of Defendants as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**SECOND CLAIM FOR RELIEF**
**Ohio Revised Code Section 4112.02, Race Discrimination**

16. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fifteen (15) of this Complaint, supra, by reference in its entirety as if fully restated herein.

17. Plaintiff is an African American individual. Plaintiff began his employment with Defendant in April of 2012. His most recent position was that of Market Director of Store Operations. On May 21, 2014, he was terminated. Allegedly, Plaintiff was not performing his position to Defendant's satisfaction. However, Defendant's proffered reason for Plaintiff's termination was false and pretextual, as Plaintiff performed his job to his employer's reasonable expectations, and began receiving discipline he should not have received in an attempt to create a disciplinary record for which he could be terminated.

18. Plaintiff states that similarly situated Caucasian employees were not disciplined or terminated over the same issues which Plaintiff was disciplined and terminated.

19. Plaintiff states that similarly situated Caucasian employees were more favorably treated. They were permitted not written up for the same issues as Plaintiff and were retained in their positions. In terminating Plaintiff, Defendant has intentionally discriminated against him on the basis of his race in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

20. As a proximate result of the actions of Defendants as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**THIRD CLAIM FOR RELIEF**
**Retaliation**

21. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty (20) of this Complaint, supra, by reference in its entirety as if fully restated herein

22.     Plaintiff states that he reported he felt he was being discriminated against because of his race and/or age through the Open Door policy.  Plaintiff states that after he made reports of discrimination, his performance evaluations plummeted, and he was treated poorly until he was terminated on trumped up charges.  On May 21, 2014, he was terminated.  Allegedly, Plaintiff was not performing his position to Defendant's satisfaction. However, Defendant's proffered reason for Plaintiff's termination was false and pretextual, as Plaintiff performed his job to his employer's reasonable expectations, and began receiving discipline he should not have received in an attempt to create a disciplinary record for which he could be terminated.

23.     In terminating Plaintiff, Defendant has intentionally retaliated against him in violation of Title VII of the Civil Rights Act of 1964 as amended and as amended by the Civil Rights Act of 1991, 42 U.S.C. Sections 2000e et seq.

24.      As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### FOURTH CLAIM FOR RELIEF
### Retaliation

25.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-four (24) of this Complaint, supra, by reference in its entirety as if fully restated herein

26.     Plaintiff states that he reported he felt he was being discriminated against because of his race and/or age through the Open Door policy.  Plaintiff states that after he made reports of discrimination, his performance evaluations plummeted, and he was treated poorly until he was terminated on trumped up charges.  On May 21, 2014, he was terminated.  Allegedly, Plaintiff

was not performing his position to Defendant's satisfaction. However, Defendant's proffered reason for Plaintiff's termination was false and pretextual, as Plaintiff performed his job to his employer's reasonable expectations, and began receiving discipline he should not have received in an attempt to create a disciplinary record for which he could be terminated.

27.  In terminating Plaintiff, Defendant has intentionally retaliated against him in violation of Ohio Revised Code Section 4112.02(I) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

28.  As a proximate result of the actions of Defendant as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## FIFTH CLAIM FOR RELIEF
### Americans with Disabilities Act--42 U.S.C. Sections 12101 et seq.

29.  Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-eight (28) of this Complaint, supra, by reference in its entirety as if fully restated herein.

30.  Plaintiff states that on May 21, 2014, Defendant terminated his employment because of his disability.  Plaintiff states that he suffered from anxiety and high blood pressure all of which Defendant was aware as Plaintiff required an FMLA leave of absence.  Plaintiff states that his disabling conditions substantially limited one or more major life activities, including but not limited to instability with his blood pressure, anxiety and pre-diabetes  Plaintiff states that the Defendant was aware of his disabilities. In the alternative, Defendant acted against Plaintiff because of his record of impairment and/or because of its perception that he had a disabling condition.

31. Plaintiff began his employment with Defendant in April of 2012. His most recent position was that of Market Director of Store Operations. On May 21, 2014, he was terminated. Allegedly, Plaintiff was not performing his position to Defendant's satisfaction. However, Defendant's proffered reason for Plaintiff's termination was false and pretextual, as Plaintiff performed his job to his employer's reasonable expectations, and began receiving discipline he should not have received in an attempt to create a disciplinary record for which he could be terminated.

32. At the time of and prior to his termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations as a Market Director of Store Operations, was well qualified for his position, and was a highly rated and skilled employee.

33. Plaintiff states his disabling condition is a disability within the meaning of the Americans with Disabilities Act. Notwithstanding these limitations, Plaintiff was able safely and substantially to perform the essential functions of his job with or without accommodation.

34. Plaintiff states that in terminating his employment the Defendant has intentionally discriminated against him on the basis of disability in violation of 42 USC Section 12112(a) made actionable pursuant to 42 U.S.C. Section 12117.

35. As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## SIXTH CLAIM FOR RELIEF
### Disability Discrimination—ORC 4112.02

36. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-five (35) of this Complaint, supra, by reference in its entirety as if fully restated herein.

37. Plaintiff states that on May 21, 2014, Defendant terminated his employment because of his disability. Plaintiff states that he suffered from anxiety and high blood pressure all of which Defendant was aware as Plaintiff required an FMLA leave of absence. Plaintiff states that his disabling conditions substantially limited one or more major life activities, including but not limited to instability with his blood pressure, anxiety and pre-diabetes. Plaintiff states that the Defendant was aware of his disabilities. In the alternative, Defendant acted against Plaintiff because of his record of impairment and/or because of its perception that he had a disabling condition.

38. Plaintiff began his employment with Defendant in April of 2012. His most recent position was that of Market Director ofStore Operations. On May 21, 2014, he was terminated. Allegedly, Plaintiff was not performing his position to Defendant's satisfaction. However, Defendant's proffered reason for Plaintiff's termination was false and pretextual, as Plaintiff performed his job to his employer's reasonable expectations, and began receiving discipline he should not have received in an attempt to create a disciplinary record for which he could be terminated.

39. At the time of and prior to his termination, Plaintiff was meeting and exceeding all of Defendant's legitimate expectations as a Senior Service Manager, was well qualified for his position, and was a highly rated and skilled employee.

40. Plaintiff states his disabling condition is a disability within the meaning of Ohio Revised Code Section 4112.01(a) (13). Notwithstanding these limitations, Plaintiff was able safely and substantially to perform the essential functions of his job with or without accommodation.

41. Plaintiff states that in terminating his employment the Defendant has intentionally discriminated against him on the basis of disability in violation of Ohio Revised Code Section 4112.02(A) made actionable pursuant to Ohio Revised Code Section 4112.99 as amended.

42. As a proximate result of the actions of Defendants as complained of herein, Plaintiff has suffered the loss of his job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**SEVENTH CLAIM FOR RELIEF**
**ADEA--29 U.S.C. Sections 621 et seq.**

43. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through forty-two (42) of this Complaint, supra, by reference in its entirety as if fully restated herein.

44. Plaintiff was in the age group protected by 29 U.S.C. Sections 621 et seq. as he is over forty years of age. At all times material hereto, Plaintiff was meeting or exceeding his employer's legitimate expectations as a Market Director of Store Operations. On May 21, 2014, he was terminated. Allegedly, Plaintiff was not performing his position to Defendant's satisfaction. However, Defendant's proffered reason for Plaintiff's termination was false and pretextual, as Plaintiff performed his job to his employer's reasonable expectations, and began receiving discipline he should not have received in an attempt to create a disciplinary record for which he could be terminated. Upon information and belief, Plaintiff's position was not eliminated as it was filled after his discharge by a person who is significantly younger than Plaintiff or that his termination permitted the retention and promotion of a significantly younger employee.

45.     Plaintiff states that his termination permitted the retention of significantly younger employees. Plaintiff states that Defendant terminated his employment because of his age.

46.     Plaintiff states that Defendant has unlawfully and/or willfully discriminated against him on the basis of age in violation of 29 U.S.C. §621 et seq.

47.     As a proximate cause of the acts complained of, Plaintiff has suffered the loss of his job position, diminished earning capacity, lost wages, benefits, pension benefits, great mental and emotional distress, anguish, humiliation and embarrassment.  Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**EIGHTH CLAIM FOR RELIEF**
**Family and Medical Leave Act**

48.     Plaintiff incorporates each and every allegation contained in paragraphs one (1) through forty-seven (47) of this Complaint, supra, by reference in its entirety as if fully restated herein

49.     Plaintiff states that at all times he was meeting or exceeding legitimate employer expectations.  During August of 2013, Plaintiff's wife was having heart issues.  He utilized FMLA leave in order to take her to cardiologist appointments and care for her. During that time, Plaintiff was accused by his supervisor of missing meetings, cancelling appointments, and losing control of his market.   Plaintiff denied each allegation. Furthermore, Plaintiff states that he was approved for FMLA leave, as the result of a serious medical condition—anxiety.  As a result, he was on FMLA leave from April of 2014 until just before his termination on May 21, 2014.

50.     Plaintiff states that on May 21, 2014, he was terminated because of his use of FMLA leave.  At all times material hereto, Plaintiff was meeting or exceeding his employer's legitimate expectations as a Market Director, Store Operations.  On May 21, 2014, he was terminated. Allegedly, Plaintiff was not performing his position to Defendant's satisfaction.  However, Defendant's proffered reason for Plaintiff's termination was false and pretextual, as Plaintiff

performed his job to his employer's reasonable expectations, and began receiving discipline he should not have received in an attempt to create a disciplinary record for which he could be terminated.

51. Plaintiff states that Defendants' action in terminating his employment constituted an unlawful discrimination and retaliation against Plaintiff because of his use of FMLA leave.  Said conduct of Defendant is actionable pursuant to 29 U.S.C. Sections 2615 and 2617.

52. Plaintiff states that at all times material hereto Defendant employed more than fifty employees and is a covered employer under the Family and Medical Leave Act. Plaintiff was employed by Defendant for more than one year before his termination and worked more than 1,250 hours during the year preceding his termination.

53. Plaintiff states that when he was terminated, he was eligible for continued Family and Medical Leave Act as a result of his serious medical condition of which Defendant was aware.

54. The Defendant has willfully and unlawfully discharged Plaintiff and has interfered with or denied the exercise on attempts to use rights provided under the Family and Medical Leave Act in violation of 29 U.S.C. §2615 made actionable under 29 U.S.C. §2617.  The Defendant's action was willful.

55. As a proximate result of the acts of Defendant, Plaintiff has suffered the loss of his job position including back pay, future pay, and lost fringe benefits and pension benefits. Plaintiff has also suffered great mental and emotional stress, anxiety, humiliation, and embarrassment. By virtue of the willful violation of the act, Plaintiff is entitled to liquidated damages.  Plaintiff has also been forced to incur court costs and attorney's fees.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands a judgment against Defendant ordering reinstatement and back wages, or in lieu of reinstatement, back and front pay, for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees. Plaintiff also seeks an amount of liquidated damages equal to his damages and his costs and attorneys fees all together with prejudgment and post judgment interest. Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to

Respectfully submitted,

s/Francis J. Landry
Francis J. Landry
Attorney for Plaintiff, Wesley Gillespie

**JURY DEMAND**

Plaintiff demands a trial by a jury of her peers on all issues triable of right by jury.

Respectfully submitted,

s/Francis J. Landry
Francis J. Landry
Attorney for Plaintiff, Wesley Gillespie